## Gallagher et al. *v.* Whitney et al., Appellants.

*Contract of sale—Measure of damages.*

In an action to recover damages for the breach of a contract of sale, it is proper to charge that the measure of damages is the difference between the price at which the goods were to have been taken, and the expense to the plaintiffs of making them, or any other damage or expense caused to the plaintiffs by reason of the refusal of the defendants to take the goods.

Argued Jan. 8, 1892. Appeal, No. 444, Jan. T., 1891, by defendants, from judgment of C. P. No. 4, Philadelphia Co., March T., 1890, No. 979, on verdict for *plaintiffs.* Before PAXSON, C. J., STERRETT, GREEN, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Assumpsit by D. J. Gallagher and George W. Gibson, trading as D. J. Gallagher & Co. against Thomas J. Whitney, J. E. Lockwood and Alva Bryant, trading as J. F. Lockwood & Co. At the trial it appeared that the defendants gave an order to the plaintiffs for 5,000,000 Samoa wrappers used for wrapping chewing-gum, at ten cents per thousand. After the paper which was of a peculiar kind had been bought by plaintiffs, and the work on the wrappers partly completed, the plaintiffs notified the defendants that they would not accept the wrappers.

The court charged as follows :

" This is an action brought by the plaintiffs against the de-

fendants to recover damages for a breach of contract to receive and pay for certain labels. The plaintiffs' testimony is that the defendants refused to take them because they were going out of the business. The defendants' side of the story is, that while they did make the contract, and did refuse to take the labels, yet the refusal to take the labels was based upon the fact that there had been no copyright granted on the label; and that the order was given by them conditioned upon the obtaining of the copyright.

"Now you have heard both sides of the story. Which do you believe? If you believe that the defendants refused to take the labels because they were going out of business, your verdict should be for the plaintiffs. If, however, you believe that the order was conditioned upon the obtaining of the copyright, that the copyright was not obtained, and that the goods were refused by the defendants on that account, then you ought to say so and render your verdict for the defendants. It is for you to say which of these two stories is true, or seems the most probable, from the evidence. If you find for the plaintiffs, then in that case you have to determine the measure of damages [which is the difference between the price at which the goods were to have been taken, and the expense to the plaintiffs for getting them up, or any other damage or expense caused to the plaintiffs by reason of the refusal of the defendants to take the goods.] [1]   [If you believe the story of the witnesses, Mr. Gallagher or Mr. Gibbons, that to complete this contract at $500, it would cost the plaintiffs $35 for labor, $294.03 for the paper, $6.84 for the electrotypes, and certain other expenses which were detailed to you by them, amounting to $343.47, the difference between the price at which they were to be taken, $500 and the cost of printing them, being $156.53. If you find for the plaintiffs that is what they would be entitled to.] [2]   [And, if you believe that the paper from its character was a specially ordered paper, and one not readily marketable, and that it would be worth less than it cost them, or one hundred and forty-seven dollars less, they are entitled to damage for that.] [3]   So that if you find for the plaintiffs, your verdict may be for that amount and no more, but you may give them less if you see fit.

"If you find that the contract was conditional, then the ver-

dict should be for the defendants. This is a fair question of fact for the jury, and to you, as jurors, I submit it."

The defendant presented the following points, all of which were refused:

2. The measure of damages in this case is the difference between the value of the goods and what the plaintiffs could get for them; the plaintiffs having failed to show this, your verdict must be for the defendants.

3. The plaintiffs having failed to show the proper or legal measure of damages in this case, they cannot recover.

4. That under all the evidence the verdict must be for the defendants.

Verdict and judgment for plaintiffs for $301.50. Defendants appealed.

*Errors assigned*, were (1–3) the portions of the charge as above, quoting them; (4–6) refusal of points, quoting them.

*William Henry Lex*, for appellants, cited Lentz v. Choteau, 42 Pa. 435; Ballentine v. Robinson, 46 Pa. 177; Andrews v. Hoover, 8 Watts, 239.

*Frederick J. Lambert*, for appellees, cited Schnebly v. Shirtcliff, 7 Phila. 236; Masterton v. Mayor, 7 Hill (N. Y.) 61; Taylor v. Bradley, 39 New York, 129; Wakeman v. M'f'g Co., 4 Northeastern Rep. 267.

PER CURIAM, January 25, 1892.

The only serious complaint here is that the learned judge below erred in his charge to the jury upon the measure of damages. The ingenious argument of the counsel for the appellant has failed to satisfy us that the court committed error. An examination of that portion of the charge contained in the second specification, shows that the learned judge was correct in his calculation, while the rule laid down for the measure of damages, contained in the first specification, is entirely accurate.

Judgment affirmed.