# Lipper Manufacturing Company *v.* Morris & Company, Appellant.

*Sales—Contract—Manufacture and delivery of goods—Measure of damages—Evidence—Case for court.*

1. Where a vendor agrees to manufacture and deliver goods within a time specified, and after the first shipment the vendee notifies him not to complete the balance of order because of misunderstanding as to price, but the vendor does complete the order making the last delivery after the expiration of the time limit, the vendee will be bound to pay the contract price, if it appears that he accepted the goods and retained possession of them without any complaint as to the time of the delivery until the day of the trial of an action for the price.

2. In an action for goods sold and delivered where the defendant admits the acceptance and possession of the goods, and it appears that the questions involved depended upon writings, and that the only pur-

pose of the oral testimony admitted, was to complete the matters called for in the writings, the case is for the court and not for the jury.

3. In an action for goods sold and delivered under a written contract, the defendant cannot assert that he understood the word "gross" to mean "dozen" and on that basis made the contract.

Argued Oct. 6, 1914. Appeal, No. 247, Oct. T., 1913, by defendant, from judgment of C. P. No. 2, Phila. Co., Sept. T., 1912, No. 6, on verdict for plaintiff in case of Lipper Manufacturing Company v. Morris & Company. Before RICE, P. J., ORLADY, HEAD, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Foreign attachment for goods sold and delivered. Before BARRATT, J.

At the trial it appeared that the plaintiff company, a manufacturer of webbing, in Philadelphia, issued a foreign attachment against defendant, a Maine corporation doing business in Kansas city as packers and shippers of meats, to recover $1,236 claimed to be due for 14,832 yards of webbing. The contract appeared from a series of letters passing between the parties, and provided that the delivery should be complete in four weeks. After the first delivery the defendant sent a telegram to the plaintiff as follows: "Do not complete balance of order. Misunderstanding as to price." The plaintiff continued the deliveries, the last one being made after the expiration of four weeks. The defendant accepted and retained possession of the goods without objection as to time of delivery. The defense was that the purchasing agent of the defendant read the word "gross" to mean the word "dozen." The court gave binding instructions for the plaintiff.

Verdict and judgment for plaintiff for $1,359.60. Defendant appealed.

*Error assigned* was in giving binding instructions for plaintiff.

*W. S. Furst*, for appellant.—Where a contract is made . to purchase articles or merchandise which are to be manufactured by the vendor, and before they are manufactured the vendee notified the vendor that he will not receive the articles, the vendor has no right to proceed to manufacture the same, and thereafter sue the vendee for the full price of the same when manufactured. He is limited to such damage as he may have suffered at the time of the notice of the breach: Gallagher v. Whitney, 147 Pa. 184; Keeler v. Schott, 1 Pa. Superior Ct. 458; Mayer Brick Co. v. Kennedy, 230 Pa. 98; Winslow Bros. Co. v. DuPuy, 208 Pa. 98; Sharpsville Furnace Co. v. Snyder, 223 Pa. 372; Barnett v. Becker, 25 Pa. Superior Ct. 22.

Unless the party averring the estoppel has been misled, he is not entitled to invoke the doctrine and the question of waiver must be submitted to the jury, and a party who is in default, or who is guilty of laches himself, must not complain: Cleveland v. Sterrett, 70 Pa. 204; Waters v. Wolf, 2 Pa. Superior Ct. 200; Heller's Est., 6 Pa. Superior Ct. 246; Ephrata Water Co. v. Ephrata Boro., 20 Pa. Superior Ct. 149.

The credibility of the witnesses is for the jury, especially where there is a conflict of testimony: Lehigh Coal, etc., Co. v. Evans, 176 Pa. 28; Lautner v. Kann, 184 Pa. 334; Trexler v. Africa, 33 Pa. Superior Ct. 395; Harlow v. Homestead Boro., 194 Pa. 57; Second Natl. Bank v. Hoffman, 229 Pa. 429; Blumenthal v. Green, 52 Pa. Superior Ct. 292; Barnett v. Becker, 25 Pa. Superior Ct. 22.

*Henry N. Wessel*, with him Alfred Aarons, for appellee.—The defense as to delay in shipment was not admissible: Xander v. Com., 102 Pa. 434; Flegal v. Hoover, 156 Pa. 276; Taylor v. Beatty, 202 Pa. 120; Cochran v. McGeorge, 54 Pa. Superior Ct. 456; American v. Hotel Co., 226 Pa. 461; Germain Fruit Co. v. Roberts, 8 Pa. Superior Ct. 500; McKay v. McKenna, 173 Pa. 581; Whitla v. Moore, 164 Pa. 451.

Where the manufacturer of an article ordered has completed it and upon notice of its completion the buyer refuses or neglects to pay for and take it, the maker may sue for its value, and the measure of damages is the contract price: Ballentine v. Robinson, 46 Pa. 177; Reynolds v. Callender, 19 Pa. Superior Ct. 610; Unexcelled Fire Works Co. v. Polites, 130 Pa. 536; Trenton Rubber Co. v. Small, 3 Pa. Superior Ct. 8; Williams Typewriter Co. v. Cleaver, 38 Pa. Superior Ct. 376.

The case was for the court: Graff v. Pittsburg, 31 Pa. 489; Hazlett v. Bragdon, 7 Pa. Superior Ct. 581; Continental Title & Trust Co. v. Devlin, 209 Pa. 380.

OPINION BY KEPHART, J., February 24, 1915:

The contract in this case was made up from an offer by the appellee to furnish 200 rolls of blue webbing to be made in seventy-two yard rolls, price to be $12.00 per gross of 144 yards, and an acceptance of this offer in its exact terms, delivery to be made in four weeks. The article was to be manufactured specially for the defendant. Upon receipt of the first shipment of a portion of the material and invoices therefor, appellant countermanded the order by telegram, as follows: "Do not complete balance of order. Misunderstanding as to price." The appellee declined to obey the instructions of the telegram, completed the balance of the order, shipped it to the appellant at Kansas City, who accepted and placed it in their warehouse. The delivery was after the time limited in the contract. The goods were not returned nor was any complaint made of the time of the delivery until the day of trial. This suit was for the contract price. The appellant insists that the proper measure of damages to be applied was the difference between the market value and the contract price.

From the facts as here presented, had the appellee done as ordered, there is no doubt but what the measure of damages would have been the difference between the

contract price and the cost of manufacture, less any additional loss which the vendor or manufacturer may have suffered by reason of the repudiation of the contract: Gallagher v. Whitney, 147 Pa. 184. After the goods had been delivered to the common carrier, and upon their arrival at Kansas City, if the purchaser had declined to receive them or had immediately returned them, the measure of damages would have been as held in Unexcelled Fire Works Co. v. Polites, 130 Pa. 536. The appellee having accepted and received the goods, exercising acts of ownership over them, retaining their possession for a long period of time, raising no complaint as to the time of delivery, he cannot keep both the goods and the money to be paid for them. The contract was entirely executed between the parties; all that remained was the payment of the contract price. If time had been the essence of the contract, it was the duty of the vendee to reject the goods when they arrived. This acceptance and retention of possession was properly treated by the trial court as a waiver of this requirement of the contract. The letters from the appellant indicate that the only trouble was the question of price. Moreover, it is in evidence, though not material to the determination of the case, that had the appellee ceased manufacturing the goods at the time the countermanding order was given, the loss to the defendant would have been greater than to proceed with their manufacture. The major portion of the expense in manufacturing the completed article had been incurred; the material in a half manufactured condition would have been of no value to the appellee and an utter loss. The goods in their manufactured condition would still be of value to this defendant.

Concerning the question as to the submission to the jury the question of the credibility of the witnesses, in Reel v. Elder, 62 Pa. 308, SHARSWOOD, J., says: "However clear and indisputable may be the proof when it depends on oral testimony, it is nevertheless the province

of the jury to decide, under instructions from the court, as to the law applicable to the facts, and subject to the salutary power of the court to award a new trial if they should deem the verdict contrary to the weight of the evidence." This is the general rule, but where the questions involved depend upon writings and the only purpose of the oral testimony is to complete the matters called for in the writings, shipment, receipt and acceptance, where the adverse party admits its completion, the credibility of the plaintiff's witnesses to support these facts is then withdrawn from the jury. Appellant admitted the acceptance and possession of the goods. The proper interpretation of the written contract was for the court. The appellant asserts that he understood the word "gross" to mean "dozen" and on that basis made the contract. Clearly this was no defense and was properly rejected by the trial court.

Assignments of error are overruled and the judgment affirmed at the cost of the appellant.